## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2019, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Erik Lee Minter,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 9, 2019

Court of Appeals Case No.
18A-CR-2312

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-1511-F5-929

**Najam, Judge.**

## Statement of the Case

Erik Lee Minter appeals his sentence after he pleaded guilty to aggravated battery, as a Level 3 felony, and neglect of a dependent, as a Level 3 felony. Minter raises a single issue for our review, namely, whether the trial court abused its discretion when it sentenced him.[1] We affirm.

## Facts and Procedural History

In June of 2018, Minter pleaded guilty to aggravated battery, as a Level 3 felony, and neglect of a dependent, as a Level 3 felony. Minter pleaded guilty under an open plea. The victim of both of Minter's offenses was his sixty-eight-year-old, physically disabled uncle, who died as a result of Minter's acts.

The trial court accepted Minter's guilty plea and held a sentencing hearing. At that hearing, the State argued that Minter's criminal history, the age of the victim, that the victim was physically disabled, that Minter was on pretrial release for another offense at the time of the instant offenses, that Minter was in a position of trust over the victim,[2] that Minter has repeatedly violated probation or other early releases in the past, and the victim's death were each aggravating circumstances. Minter argued, among other things, that his guilty

---

[1] Minter makes passing references to Indiana Appellate Rule 7(B) in his brief on appeal, but it is clear that the substance of his argument is whether the trial court abused its discretion when it sentenced him, not whether his sentence is inappropriate under Appellate Rule 7(B). We limit our review accordingly. Ind. Appellate Rule 46(A)(8)(a).

[2] The State limited this factor to the battery offense.

plea, his remorse, that "this crime is the result of circumstances that are unlikely . . . to ever happen again," and the hardship that his incarceration would have on his wife, who was homeless, were mitigating factors. Tr. at 9. In his expression of remorse, he stated that, "[h]ad I not been drinking . . . the whole incident wouldn't have happened," and he noted adverse circumstances from his childhood that lead him to becoming an alcoholic. *Id.* at 10.

[4]     Following the parties' arguments, the court found as follows:

> Alcohol is not a defense to a crime . . . . Nor will it be used in this instance as a mitigator for your defense. . . . I find that your guilty plea is a mitigating factor. I do not find remorse because . . . you always mitigate your culpability . . . . [T]he mitigating factor that you pled guilty . . . is, in fact, mitigated because you plead guilty to only two of the four counts.
>
> On the aggravating side for the battery, we have criminal history, the fact that you were on pretrial release, and that you were in a position of trust, and that your victim was both over 65 and disabled. . . . On the second count, . . . [h]e died. . . .

*Id.* at 17-19. The court further found that, "if I were not to impose consecutive sentences, it would demean the seriousness of the . . . second offense . . . ." The court then sentenced Minter to an aggregate term of twenty-two years in the Department of Correction. This appeal ensued.

## Discussion and Decision

[5]     Minter asserts that the trial court abused its discretion when it sentenced him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell*

*v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[6] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (Ind. 2007)). Here, Minter asserts that the trial court abused its discretion when it omitted reasons that, according to Minter, were clearly supported and advanced for consideration in the trial court, namely, his remorse, his assertion that the circumstances of the instant offenses were unlikely to recur, and the hardship his incarceration would have on his wife.

[7] We cannot agree with Minter's assessment. His purported assertions of remorse in the trial court were, as the trial court accurately noted, couched in terms of mitigating his own culpability. His bald and self-serving assertions that his actions were unlikely to recur had no support aside from Minter's own

opinion. And, even if Minter's incarceration were to cause a hardship on his wife, Minter does not demonstrate on appeal why that outcome, or the other purported mitigating circumstances, was significant for purposes of sentencing. *See, e.g.*, *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014) (stating that a "trial court need not state in the record those mitigating circumstances that it considered insignificant"), *trans. denied*. Finally, insofar as Minter argues that the trial court erred in the weight it assigned, or did not assign, to the mitigating circumstances, that argument is not available for appellate review. *Anglemyer*, 868 N.E.2d at 491.

[8] In sum, Minter has not met his burden on appeal to show that the trial court abused its discretion when it sentenced him. Accordingly, we affirm his sentence.

[9] Affirmed.

Baker, J., and Robb, J., concur.